1   SCOTT J. KAPLAN (SB #143478)
    ERIK P. KHOOBYARIAN (SB #226749)
2   epkhoobyarian@stoel.com
    STOEL RIVES LLP
3   980 Ninth Street, 19th Floor
    Sacramento, CA 95814
4   Telephone: (916) 447-0700
    Facsimile: (916) 447-4781
5
    Attorneys for Defendants
6   Strands, Inc. (formerly known as Mediastrands, Inc.
    and erroneously sued herein as MediaStrands) and
7   Mystrands, Inc. (formerly known as Musicstrands,
    Inc. and erroneously sued herein as Mystrands and
8   Musicstrands)

**E-filing**

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11                                                              **PJH**
                     SAN FRANCISCO DIVISION
12                                                    **CV 08      0726**
    ANDREAS WEIGEND,                      Case No.
13
                    Plaintiff,
14                                        **NOTICE OF REMOVAL OF ACTION
        v.                                UNDER 28 U.S.C. SECTION 1332(a)
15                                        AND SECTION 1441(B)**
    MUSICSTRANDS, MEDIASTRANDS,
16  MYSTRANDS, and DOES 1-50,            **[DIVERSITY OF CITIZENSHIP]**
17                  Defendants.
18
19  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20          PLEASE TAKE NOTICE that Strands, Inc. (formerly known as Mediastrands, Inc. and

21  erroneously sued herein as MediaStrands) and Mystrands, Inc. (formerly known as Musicstrands,

22  Inc. and erroneously sued herein as Mystrands and Musicstrands) ("Defendants") hereby remove

23  to this Court the state court action described below.

24          1.      On January 18, 2008, an action was commenced in the Superior Court of the State

25  of California in and for the County of San Francisco, entitled Andreas Weigend v. Musicstrands,

26  MediaStrands, Mystrands, and Does 1-50, as Case Number 471229 ("Complaint"). A copy of the

27  Complaint is attached hereto as Exhibit "A."

28  / / /

1     2.     The first date upon which Defendants received a copy of the said Complaint was

2     January 23, 2008.

3     3.     This Notice of Removal is filed within 30 days of the service of Plaintiff's

4     Complaint and is thus timely under 28 U.S.C. section 1446(b).

5     4.     This action is a civil action of which this Court has original jurisdiction under

6     28 U.S.C. section 1332, and is one which may be removed to this Court by Defendants pursuant

7     to the provisions of 28 U.S.C. section 1441(b) in that it is a civil action between citizens of

8     different states and the matter in controversy exceeds the sum of $75,000.

9     5.     Defendants are informed and believe that Plaintiff Andreas Weigend was, and still

10    is, an individual citizen of Federal Republic of Germany.  Defendant Strands, Inc. is a corporation

11    incorporated under the laws of Delaware with its principal place of business in Corvallis, Oregon.

12    Defendant Mystrands, Inc. is a corporation incorporated under the laws of Oregon with its

13    principal place of business in Corvallis, Oregon.

14    6.     It is facially apparent from the Complaint that the amount in controversy in this

15    action exceeds the $75,000 jurisdictional minimum amount.  Specifically, Plaintiff is seeking to

16    recover $117,500.

17

18    DATED:  January **30**, 2008

19                                          STOEL RIVES LLP

20

21                                          By: _____

22                                          ERIK P. KHOOBYARIAN
                                            Attorneys for Defendants
23                                          Strands, Inc. (formerly known as
                                            Mediastrands, Inc. and erroneously sued
24                                          herein as MediaStrands) and Mystrands,
                                            Inc. (formerly known as Musicstrands, Inc.
25                                          and erroneously sued herein as Mystrands
                                            and Musicstrands)
26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF REMOVAL OF ACTION              -2-

Portlnd3-1613569.1 0061692-00025

**EXHIBIT A**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
Musicstrands, Media Strands, My Strands, and
Does 1-50

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Andreas Weigend

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.   Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.   Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.   Es recomendable que llame a un abogado inmediatamente.   Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.   Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.   Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister St
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC-08- 471229

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Wong, 2930 Domingo Ave #149, Berkeley CA 94705, 510.684.2759

GORDON PARK-LI

| DATE:<br>*(Fecha)* | JAN 18 2008 | Clerk, by<br>*(Secretario)* | CRISTINA E. BAUTISTA | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Musicstrands

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412 20, 465
American LegalNet, Inc.   www.USCourtForms.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>David Wong, SBN.234788<br>2930 Domingo Ave #149<br>Berkeley CA 94705<br><br>TELEPHONE NO: 510 684 2759    FAX NO.:<br>ATTORNEY FOR *(Name)*: Andreas Weigend | FOR COURT USE ONLY<br><br>ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>JAN 1 8 2008<br><br>GORDON PARK-LI, Clerk<br>BY CHRISTINA E. GALVEZ<br>Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St #103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Weigend v. Musicstrands

| CIVIL CASE COVER SHEET<br>☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CGC-08- 471229<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☑ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)<br><br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/18/2008

David Wong
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |
|---|---|---|



David Wong (SBN 234788)
2930 Domingo Ave #149
Berkeley CA 94705
Attorney for Plaintiff Andreas Weigend
Telephone: (510) 684 2759

**FILED**
San Francisco County Superior Court

JAN 1 8 2008

GORDON PARK-LI, Clerk
BY: _____ CASE MANAGEMENT CONFERENCE SET
        Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO SUMMONS ISSUED ON 2 0 2008 - 9:45 AM

UNLIMITED JURSIDICTION     DEPARTMENT 212

CGC 08   471229

| | |
|---|---|
| Andreas Weigend, | Case No.: |
| Plaintiff, | COMPLAINT FOR BREACH OF CONTRACT; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, UNJUST ENRICHMENT, QUANTUM MERUIT |
| vs. | |
| Musicstrands, MediaStrands, | |
| Mystrands, and DOES 1-50, | |
| Defendants | JURY TRIAL DEMANDED |



Plaintiff Andreas Weigend, by and through his attorney, David Wong, for his complaint against Defendants, states as follows:

## I. INTRODUCTION

Andreas Weigend is seeking compensation for services he rendered to Musicstrands. Dr. Andreas Weigend is a world expert in measuring user behavior and in leveraging the fundamental principles underlying human communication patterns. He helps his clients understand how they can fully utilize data and shows them how to respond to the most important web and mobile trends of today's fast changing world. Andreas was the chief scientist of Amazon.com, and now works as independent consultant and advisor both with exciting, innovative startups and with the leaders of visionary multinationals. He also teaches at two top universities, Stanford and Tsinghua (Beijing). He is a sought-after speaker at conferences. Musicstrands is "social recommendation and discovery" company based in Oregon.

-1-

In December 2004, Musicstrands's CEO made a number of statements both in writing and verbally to Dr. Weigend in order to induce him to work for Musicstrands. Among these representations included a promise to give Dr. Weigend thousands of stock options and an estimation of what those options would be worth in addition to cash compensation for his time. On January 15, 2005, Weigend and Musicstrands entered into a contract for Weigend to give valuable business insights and strategic advice to Musicstrands's fledgling enterprise. The total amount that Musicstrands owes Dr. Weigend for his services is $117,500.

## II. JURISDICTION AND VENUE

1.  Venue is proper in this Court because Andreas Weigend signed the contract last in San Francisco County, and therefore, this is the county where the contract was entered into.

2.  This Court has unlimited subject matter jurisdiction over the matter because the amount controversy exceeds $25,000 and because defendant has availed itself of the benefits of this forum by entering into a contract with Dr. Weigend in San Francisco and by opening an office in San Francisco (according to its website).

## III. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3.  According to its website, Defendant Mystrands (also known as Mediastrands or Musicstrands) has offices in Corvallis, Oregon, New York City, New York, San Francisco, California, Washington DC, and Madrid, Spain.

4.  Plaintiff is informed and believes, and thereon alleges, that Defendant has a business office operating in San Francisco (based on Musicstrands's website) in the State of California.

5.  Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1 through 50, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when they

have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is in breach of some contract or is tortiously or otherwise legally responsible in some manner for the occurrences alleged in this complaint and for plaintiff's damages.

6.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 5 and the introductory paragraph of this Complaint as though fully set forth herein.

## IV. CAUSES OF ACTION

Andreas Weigend asserts the following causes of action against Musicstrands in this matter:

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

7.   Plaintiff re-alleges and incorporates herein by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

8.   On January 15, 2005, plaintiff and defendant entered into a contract for Dr. Andreas Weigend to become Musicstrands's Chief Strategist, for valuable consideration. A true and correct copy of this contract is attached to this complaint and incorporated by reference in it as Exhibit 1.

9.   Among other things, as part of this contract the defendant agreed to pay plaintiff a total of 25,000 non-statutory stock options at a purchase price of $.50 USD per share (5,000 options per meeting), plus $2500 for each full-day meeting.

10. Plaintiff has duly performed all the terms and conditions of the contract on his part.

11. The defendant breached the contract in that it has failed and neglected to perform the contract in that it has failed or refused to pay plaintiff the sum of $117,500, despite its acceptance and subsequent use of Plaintiff's business consulting services.

12. Plaintiff has demanded that the defendant fulfill its obligations on the contract, but the defendant has failed and refused and continues to fail and refuse to do so.

13. Defendant never notified Plaintiff that it was terminating Plaintiff's work with Defendant.

14. By reason of the defendant's breach of contract, the plaintiff has been damaged in the sum of $117,500.

## SECOND CAUSE OF ACTION: BREACH OF IMPLIED IN FACT CONTRACT

15. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

16. Plaintiff performed all of the above-mentioned acts as part of the course of dealing between Plaintiff and Defendant, as reflected by the Agreement and the invoices sent by Plaintiff to Defendant, and as a result of the personal understanding between Plaintiff and Defendant, as well as the result of oral and written representations creating and enforcing Plaintiff's reasonable expectation that Defendant would continue to perform under the implied in fact contract between Plaintiff and Defendant.

17. Plaintiff has performed all conditions, covenants and promises required on its part to be performed in accordance with the implied in fact contract,

18. Defendant has breached the implied in fact contract by failing to pay the amounts reflected by the invoices sent by Plaintiff to Defendant in accordance to the terms of the implied in fact contract.

19. Plaintiff has made repeated demands upon Defendant to perform under the implied in fact contract by paying all monies due and owing for services performed by Plaintiff, but Defendant has refused.

20. As a direct and proximate result of Defendant's breaches of its contractual duties, Plaintiff has been damaged in the approximate amount of at least $117,500.00, plus interest on that amount at the rate of ten percent (10%) per annum from the time of breach. Further, based on Defendant's breaches of its contractual duties, Plaintiff has incurred attorneys' fees and costs of bringing this action. Plaintiff will continue to incur such interest, fees and costs in amounts to be proven at time of trial.

- 4 -

## THIRD CAUSE OF ACTION: Common Count For Services Performed

21. Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 19, inclusive, above and incorporates the same by reference as though set forth in full herein,

22. Within the last two years, Defendant became indebted to Plaintiff in the sum of $7,500.00 for services performed by Plaintiff at the request of and for the benefit of Defendant at an agreed price,

23. Plaintiff has repeatedly demanded payment from Defendant. The last demand was made on or about October 2007.

24. Defendant left a balance due of $7,500, plus 40,000 stock options worth $110,000, plus interest on that amount at the rate of ten percent (10%) per annum from and after the date payments were due.

25. Defendant requests Plaintiff continue working after the contract was up, and Plaintiff so obliged by travelling to Corvallis and Spain for meetings on Defendant's behalf.

## FOURTH CAUSE OF ACTION : (Unjust Enrichment/Quantum Meruit)

26. Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 29 inclusive, above and by reference thereto, incorporates the same as though set forth in full herein,

27. Within the last three years, Plaintiff performed services at the request of, on behalf of and for the benefit of Defendant.

28. Defendant knew that these services were being provided and promised to pay their reasonable value.

29. Plaintiff reasonably relied on Defendant's promise to pay for services rendered.

30. The fair and reasonable value of the services provided to the Defendant was at least $117,500.00.

-5

31. Plaintiff has repeatedly demanded payment of the remaining balance from Defendant. However, Defendant has failed and refused, and continues to fail and refuse, to reimburse Defendant for the remaining balance.

32. Plaintiff is informed and believes and based thereon alleges, that Defendants benefited from being introduced to Plaintiff's business connections. Defendant has therefore been unjustly enriched by failing to pay Plaintiff for the work involved in making these introductions happen.

33. As a direct and proximate result of the above-referenced acts and omissions by Defendant, Plaintiff is entitled to restitution of the amount by which Defendant was unjustly enriched.

### *PRAYER*

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For actual damages in the sum of no less than $117,500.00

2. For interest thereon as authorized by law;

3. For reasonable attorneys' fees according to proof as authorized by law;

4. For costs of suit incurred herein; and

5. For special damages

6. For punitive damages in the amount appropriate to punish the defendant and deter others from engaging in similar misconduct;

7. For such other and further relief as the Court deems just and proper,

David Wong
Date: January 18, 2008

### VERIFICATION

I, Andreas Wegiend, am the Plaintiff in this action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 17, 2008

Signature:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT

MediaStrands, Inc.

Non-Statutory Stock Option Agreement

This Agreement is between MediaStrands, Inc., a Delaware corporation (the "Company"), and Andreas Weigend (the "Optionee"), pursuant to the Company's 2004 Stock Incentive Plan (the "Plan"). The Company and Optionee agree as follows:

1.    **Option Grant.** The Company grants to the Optionee on the terms and conditions of this Agreement the right and the option (the "Option") to purchase all or any part of 25,000 shares of the Company's Common Stock at a purchase price of $0.50 USD per share. The terms and conditions of the Option grant set forth in attached Exhibit A are incorporated into and made a part of this Agreement. The Option is not intended to be an Incentive Stock Option as defined in Section 422 of the Internal Revenue Code of 1986, as amended, and is therefore a Non-Statutory Stock Option.

2.    **Grant Date; Expiration Date.** The Grant Date for this Option is August 1, 2005. The Option shall continue in effect until the tenth anniversary of the Grant Date (the "Expiration Date") unless earlier terminated as provided in Sections 2, 7 or 8 of Exhibit A. The Option shall not be exercisable on or after the Expiration Date.

3.    **Exercise of Option.** The Vesting Reference Date of this Option is March 1, 2005. The Option will become exercisable in accordance with Section 1 of Exhibit A.

The parties have executed this Agreement in duplicate as of the Grant Date.

MediaStrands, Inc.                               Optionee: _Andrear   Weigend_

                                                          _A   Kin_

By: _____

Print: _FRANCISCO J MARTIN_                      _4150  17th. St  #12_

Title: _CEO_                                     _San Francisco, CA 94114_

Address: _760 SW MADISON, SuiTE 106_             _USA_

         _CORVALLIS, 97333 OR_



ASU

December 23, 2004

Andreas Weigend

Re:    MusicStrands, Inc.

Dear Dr. Weigend:

I am pleased to offer you a position as Chief Strategist of MusicStrands, Inc. (the "Company").    Enclosed is a description of an Advisory Board member's role (Exhibit A).

You will receive options to purchase 25,000 shares of the Company's common stock. These options will vest in equal monthly installments over two years during your service, and will have a term of ten years and an exercise price of $0.50 a share.  These options will be granted to you pursuant to the Company's Stock Incentive Plan, and will be subject to the other terms and conditions contained in the plan and your stock option agreement.

Your role as Advisory Board Member with the Company will be on an "at will" basis, meaning that either you or the Company may terminate the relationship at any time with or without causes and for any lawful reason.

If you accept the Company's offer, please sign below accepting the appointment, agreeing to the issuance and terms of the options, and agreeing to the terms of the Advisor Confidentiality Agreement (Exhibit C) and then return the signature page to me.  I look forward to working with you and hope that you will enjoy your service with MusicStrands, Inc.

Sincerely,

Francisco J. Martin
CEO

I, Andreas Weigend, hereby accept my appointment to the MusicStrands, Inc. Advisory Board, agree to the terms of the attached Stock Option Agreement, and agree to the terms of the attached Advisor Confidentiality Agreement.

_____
Signature

Jan 15, 2005
_____
Date

JAN-23-2008  15:04     FROM-MBV LAW?                    +4159895143         T-140  P.013/028  F-674

 

**MediaStrands, Inc.**

**Exhibit A to**
**Non-Statutory Stock Option Agreement**

1.    **Time of Exercise of Option.** Until it expires or is terminates as provided in Sections 2, 7, or 8 of this Exhibit A, the Option may be exercised from time to time to purchase whole shares as to which it has become exercisable. The Option shall become exercisable as follows: 1/24th of the shares at the end of each one-month period after the Vesting Reference Date, so that the Options will be fully exercisable on the second anniversary of the Vesting Reference Date.

2.    **Termination of Employment or Service.**

2.1.    **General Rule.** Except as provided in this Section 2, the Option may not be exercised unless at the time of exercise the Optionee is employed by or in the service of the Company and shall have been so employed or provided such service continuously since the Grant Date. For purposes of this Exhibit A, the Optionee is considered to be employed by or in the service of the Company if the Optionee is employed by or in the service of the Company or any parent or subsidiary of the Company (the "Employer").

2.2.    **Termination Generally.** If the Optionee's employment or services with the Company terminates for any reason other than because of total disability or death as provided in Sections 2.3 or 2.4, the Option may be exercised at any time before the Expiration Date or the expiration of 90 days after the date of termination, whichever is the shorter period, but only if and to the extent the Optionee was entitled to exercise the Option at the date of termination.

2.3.    **Termination Because of Total Disability.** Unless otherwise determined by the Board of Directors, if the Optionee's employment or service with the Company terminates because of total disability, the Option may be exercised at any time before the Expiration Date or before the date 12 months after the date of termination, whichever is the shorter period, but only if and to the extent the Optionee was entitled to exercised the Option at the date of termination. The term "total disability" means a medically determinable mental or physical impairment that is expected to result in death or has lasted or is expected to last for a continuous period of 12 months or more and that, in the opinion of the Company and two independent physicians , causes the Optionee to be unable to perform duties as an employee, director, officer or consultant of the Employer and unable to be engaged in any substantial gainful activity. Total disability shall be deemed to have occurred on the first date after the two independent physicians have furnished their written opinion of total disability to the Company and the Company has reached an opinion of total disability.

2.4.    **Termination Because of Death.** Unless otherwise determined by the Board of Directors, if the Optionee dies while employed by or in the service of the Company, the Option may be exercised at any time before the Expiration Date or before the date 12 months after the date of death, whichever is the shorter period, but only if and to the extent the Optionee was entitled to exercise the Option at the date of death and only by the person or persons to whom the Optionee's rights under the Option shall pass by the Optionee's will or by the laws of descent and distribution of the state or country of domicile at the time of death.



2.5.    **Leave of Absence.** Absence on leave approved by the Employer or on account of illness or disability shall not be deemed a termination or interruption of employment or service. Unless otherwise determined by the Board of Directors, vesting of the Option shall continue during a medical, family or military leave of absence, whether paid or unpaid, and vesting of the Option shall be suspended during any other unpaid leave of absence.

Porlnd2-4527451.1 0061692-00001

ACW




2.6. Failure to Exercise Option. To the extent that following termination of employment or service, the Option is not exercised within the applicable periods described above, all further rights to purchase shares pursuant to the Option shall cease and terminate.

3.     Method of Exercise of Option. The Option may be exercised only by notice in writing from the Optionee to the Company of the Optionee's binding commitment to purchase shares, specifying the number of shares the Optionee desires to purchase under the Option and the date on which the Optionee agrees to complete the transaction, which may not be more than 30 days after delivery of the notice, and, if required to comply with the Securities Act of 1933, containing a representation that it is the Optionee's intention to acquire the shares for investment and not with a view to distribution.

On or before the date specified for completion of the purchase, the Optionee must pay the Company the full purchase price for those shares in cash or by check, or in whole or in part in Common Stock of the Company valued at fair market value provided such Common Stock has been previously acquired and held by the Optionee for at least six months. The fair market value of Common Stock provided in payment of the purchase price shall be the closing price of the Common Stock last reported before the time payment in Common Stock is made or, if earlier, committed to be made, if the Common Stock is publicly traded, or another value of the Common Stock as specified by the Company. No shares shall be issued until full payment for the shares has been made, including all amounts owed for tax withholding. The Optionee shall, immediately upon notification of the amount due, if any, pay to the Company in cash or by check amounts necessary to satisfy any applicable federal, state and local tax withholding requirements. If additional withholding is or becomes required (as a result of exercise of the Option or as a results of disposition of shares acquired pursuant to the exercise of the Option) beyond any amount deposited before delivery of the certificates, the Optionee shall pay such amount to the Company, in cash or by check, on demand. If the Optionee fails to pay the amount demanded, the Company or the Employer may withhold that amount from other amounts payable to the Optionee, including salary, subject to applicable law.

4.     Disqualifying Disposition. If the Option is an Incentive Stock Option and if within two years after the Grant Date or within 12 months after the Option, the Optionee sells or otherwise disposes of Common Stock acquired on the exercise of the Option, the Optionee shall within 30 days of the sale or disposition notify the Company in writing of (i) the date of the sale or disposition, (ii) the amount realized on the sale or disposition and (iii) the nature of the disposition (e.g., sale, gift, etc.).

5.     Nontransferability. The Option is nonassignable and nontransferable by the Optionee, either voluntarily or by operation of law, except by will or by the laws of descent and distribution of the state or country of the Optionee's domicile at the time of death, and during the Optionee's lifetime, the Option is exercisable only by the Optionee.

6.     Stock Splits, Stock Dividends. If the outstanding Common Stock of the Company is hereafter increased or decreased or changed into or exchanged for a different number or kind of shares or other securities of the Company by reason of any stock split, combination of shares, dividend payable in shares, recapitalization or reclassification, appropriate adjustment shall be made by the Company in (i) the number and kind of shares subject to the Option, or the unexercised portion thereof, and (ii) the Option price per share, so that the Optionee's proportionate interest before and after the occurrence of the event is maintained. Notwithstanding the foregoing, the Company shall have no obligation to effect any adjustment that would or might result in the issuance of fractional shares, and any fractional shares resulting from any adjustment may be disregarded or provided for in any manner determined by the Company. Any such adjustments made by the Company shall be conclusive.





7.  **Mergers, Reorganizations, Etc.** In the event of a merger, consolidation, plan of exchange, acquisition of property or stock, split-off, spin-off, reorganization or liquidation to which the Company is a party or any sale, lease, exchange or other transfer (in one transaction or a series of related transactions) or all, or substantially all, of the assets of the Company (each, a "Transaction"), the Company shall, in its sole discretion and to the extent possible under the structure of the Transaction, select one of the following alternatives for treating the Option:

7.1.  The Option shall remain in effect in accordance with its terms.

7.2.  The Option shall be converted into an option to purchase stock in one or more of the corporations, including the Company, that are the surviving or acquiring corporations in the Transaction. The amount, type of securities subject thereto and exercise price of the converted Options shall be determined by the Company, taking into account the relative values of the companies involved in the Transaction and the exchange rate, if any, used in determining shares of the surviving corporation(s) to be held by holders of shares of the Company following the Transaction. The converted Option shall be vested only to the extent the vesting requirements relating to the Option have been satisfied.

7.3.  The Company shall provide a period of 30 days or less before the completion of the Transaction during which the Option may be exercised to the extent then exercisable, and upon the expiration of that period, the Option shall immediately terminate. The Company may, in its sole discretion, accelerate the exercisability of the Option so that the Option is exercisable in full during that period.

8.  **Dissolution.** In the event of the dissolution of the Company, the Company shall provide a period of 30 days or less before the dissolution of the Company during which the Option may be exercised to the extent then exercisable, and upon the expiration of that period, the Option shall immediately terminate. The Company may, in its sole discretion, accelerate the exercisability of the Option so that the Option is exercisable in full during that period.

9.  **Market Stand-off.** The Optionee agrees, in connection with any public equity offering by the Company, (a) not to sell or otherwise dispose of any securities of the Company in conformance with terms of the lock-up or similar agreement proposed by the underwriters for such offering and (b) to execute an agreement in the form proposed; provided that (x) substantially all of the Company's officers and directors enter into identical agreements, (y) the restrictive period does not exceed 180 days following the offering, and (z) the failure to execute a form of agreement shall not affect the enforceability of this covenant. To enforce this covenant, the Company may impose stop-transfer instructions with respect to the securities of the Optionee until the end of the restrictive period.

10.  **Conditions on Obligations.** The Company shall not be obliged to issue shares of Common Stock upon exercise of the Option if the Company is advised by its legal counsel that such issuance would violate applicable state or federal laws, including securities laws. The Company will use its best efforts to take steps required by state or federal law or applicable regulations in connection with issuance of shares upon exercise of the Option.

11.  **No Right to Employment or Service.** Nothing in the Plan or this Agreement shall (i) confer upon the Optionee any right to be continued in the employment of an Employer or interfere in any way with the Employer's right to terminate the Optionee's employment at will at any time, for any reason, with or without cause, or to decrease the Optionee's compensation or benefits, or (ii) confer upon the Optionee any right to be retained or employed by the Employer or to the continuation, extension, renewal or modification of any compensation, contract or arrangement with or by the Employer.



JAN-23-2008  15:05    FROM-MBV LA.    +4159895143    T-140  P.016/028  F-674



12.    **Successors of Company.** This Agreement shall be binding upon and shall inure to the benefit of any successor of the Company but, except as provided herein, the Option may not be assigned or otherwise transferred by the Optionee.

13.    **Notices.** Any notices under this Agreement must be in writing and will be effective when actually delivered or, if mailed, three days after deposit into the United States mail by registered or certified mail, postage prepaid. Mail shall be directed to the addresses stated on the face page of this Agreement or to such address as a party may certify by notice to the other party.

14.    **Rights as a Shareholder.** The Optionee shall have no rights as a shareholder with respect to any shares of Common Stock until the date the Optionee becomes the holder of record of those shares. No adjustment shall be made for the dividends or other rights for which the record date occurs before the date the Optionee becomes the holder of record.

15.    **Amendments.** The Company may at any time amend this Agreement if the amendment does not adversely affect the Optionee. Otherwise, this Agreement may not be amended without the written consent of the Optionee and the Company.

16.    **Governing Law.** This Agreement shall be governed by the laws of the state of Oregon.

17.    **Complete Agreement.** This Agreement constitutes the entire agreement between the Optionee and the Company, both oral and written concerning the matters addressed herein, and all prior agreements or representations concerning the matters addressed herein, whether written or oral, express or implied, are terminated and of no further effect.



PortInd2-4527461.1 0061692-00001

ASW

JAN-23-2008  15:05    FROM-MBV LAW                    +4159895143        T-140  P.017/028  F-674



## EXHIBIT A
### Chief Strategist
### MUSICSTRANDS, INC.

We are convinced that you are an experienced business executive and scientist who can provide us with his vision, provide counsel about our specific business and/or technology, and actively help us to develop major business opportunities. We intend to structure your input in two ways:

1. Most commonly we will schedule face-to-face or phone meetings between you and our management team to capture your input individually.

2. Secondarily we may periodically schedule in-person meetings with groups of our advisors to enable interaction between our advisors as part of the input process. Prior to each meeting we will try to prepare and send you an effective executive summary so that you can understand the issues we would like to discuss.

We will compensate you on the following terms:

- **Cash:** As we consider that you will be devoting significant time to our business we will pay you $2,500 for full-day meetings. If meetings last more than one day we will pay you $2,500 for each additional full-day.

- **Stock options: :** You will receive 5,000 stock options from our initial stock option plan for full-day meetings independently of whether meetings last one or more days. All these options will be subject to vesting. We will send you the specific terms and conditions of our initial stock option plan very soon.

- **Travel expenses:** We will pay you $1,500 as a contribution toward airfare per meeting independent of location. Local accommodation will be paid directly by MusicStrands.

✎ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Andreas Weigend | Musicstrands, MediaStrands, Mystrands and DOES 1-50 |

| (b) County of Residence of First Listed Plaintiff<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|

| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>David Wong (SBN 234788)<br>2930 Domingo Avenue #149<br>Berkeley, CA  94705<br>(510)684-2759 | Attorneys (If Known)<br>Scott J. Kaplan (SBN 143478); Erik P. Khoobyarian (SBN 226749)<br>STOEL RIVES LLP<br>980 Ninth Street, 19th Floor<br>Sacramento, CA  95814<br>(916)447-0700 |
|---|---|

**PJH**

**E-filing** **ADR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☒ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus – Alien Detainee<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332(a)

Brief description of cause:
Breach of Contract

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE  JANUARY 30, 2008     SIGNATURE OF ATTORNEY OF RECORD