SCOTT J. KAPLAN (SB #143478)
ERIK P. KHOOBYARIAN (SB #226749)
epkhoobyarian@stoel.com
STOEL RIVES LLP
980 Ninth Street, 19th Floor
Sacramento, CA 95814
Telephone: (916) 447-0700
Facsimile: (916) 447-4781

Attorneys for Defendants
Strands, Inc. and Mystrands, Inc. (formerly known
as Musicstrands, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREAS WEIGEND,<br><br>    Plaintiff,<br><br>    v.<br><br>MUSICSTRANDS, INC., STRANDS, INC., MYSTRANDS, INC., and DOES 1-50,<br><br>    Defendants. | Case No. C 08-00726 PJH<br><br>**DEFENDANTS' MOTION TO STRIKE PRAYER FOR ATTORNEYS' FEES IN AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(f)]<br><br>Date:    April 30, 2008<br>Time:    9:00 a.m.<br>Dept.:    3 (17th Floor) |

**TO: PLAINTIFF AND HIS ATTORNEY OF RECORD**

PLEASE TAKE NOTICE THAT on Wednesday, April 30, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard before The Honorable Phyllis J. Hamilton, defendants Strands, Inc. and Mystrands, Inc. (formerly known as Musicstrands, Inc.) ("defendants" or "Strands") will move the Court for an order striking plaintiff's prayer for attorneys' fees pursuant to Fed. R. Civ. P. 12(f).

Defendants move to strike on the grounds that plaintiff has no statutory or contractual right or basis to recover attorneys' fees. This motion is based on the pleadings, papers, discovery in this action, the entire record of these proceedings and documents filed in support of this motion.

-1-

DEFENDANTS' MOTION TO STRIKE PRAYER FOR ATTORNEYS' FEES IN AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants move to strike the prayer for attorneys' fees in the amended complaint filed by plaintiff Andreas Weigend ("plaintiff"). Under governing law a party cannot seek attorneys' fees unless the fees are specifically provided for by statute or agreed upon by the parties in writing. Here there is no applicable statute and no such written agreement. Despite repeated requests by defendants, plaintiff has refused to amend his complaint to remove his prayer for attorneys' fees, necessitating this motion to strike.

Plaintiff's claims arise out of his service as "Chief Strategist" on a consulting basis for Strands. He asserts no statutory claims or any bases for fees other than a written contract. His relevant written agreements, attached by plaintiff to his amended complaint and incorporated therein by reference, do not contain an attorneys' fee provision. Plaintiff's prayer for attorneys' fees should be stricken from the amended complaint.

## II. FACTS

The facts material to this motion are few and are taken from plaintiff's Amended Complaint for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Unjust Enrichment, Quantum Meruit, which was filed February 29, 2008 (the "Complaint"). Plaintiff alleges that he was retained by Strands in January 2005. (Complaint ¶ 8.) Plaintiff attached to the Complaint as Exhibit 1 three separate documents that he collectively incorporated into the Complaint by reference. (Complaint ¶ 8, Ex. 1.) Exhibit 1 contains (a) the Letter Agreement for Consulting Services dated December 23, 2004 and signed by plaintiff on January 15, 2005 (the "Letter Agreement"), including an Exhibit A to the Letter Agreement (terms of the employment, including position description and payment terms);[1] (b) a Non-Statutory Stock Option Agreement and its Exhibit A (the "Option Agreement"); and (c) an Advisor Confidentiality Agreement (the "Confidentiality Agreement"), separately signed by plaintiff and defendants.

---

[1] Plaintiff placed Exhibit A to the Letter Agreement at the end of Exhibit 1, out of order. He also inserted the Letter Agreement in the middle of the Option Agreement.

Plaintiff's claims on a written contract, the only potential basis for a fee recovery, arise out of Strands' alleged failure to pay plaintiff for services under the Letter Agreement and the alleged failure to honor the Option Agreement. (Complaint ¶¶ 9, 11-14, 22-25.) The Letter Agreement does not contain an attorneys' fees clause or any reference to the recovery of attorneys' fees. (Complaint, Ex. 1 at 2.) The Option Agreement also does not contain any reference to the recovery of attorneys' fees. (Complaint, Ex. 1 at 1, 3-6.)

Plaintiff attaches the Confidentiality Agreement to the Complaint but does not allege any breaches of the Confidentiality Agreement. The only agreement with an attorneys fees clause, the Confidentiality Agreement, is on its face a separate document covering access to confidential information, not an issue in this case. And the attorneys' fees clause in the Confidentiality Agreement only applies to an action "to enforce Advisor's obligations hereunder," that is, a case involving disputes under the Confidentiality Agreement. (Complaint, Ex. 1 at 8.) Indeed, because the provisions in the Confidentiality Agreement are all for the benefit of Strands and intended to protect its confidential information, it is difficult to see how Strands *could* breach the Confidentiality Agreement.

## III.  ARGUMENT

### A.  Standard for Motion to Strike Under Rule 12(f)(2)

Pursuant to Fed. R. Civ. P. 12(f), a Court "may order stricken from any pleading . . . any redundant, immaterial, impertinent or scandalous matter." This rule allows the parties and the Court to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fed. R. Civ. P. 12(f); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A defendant is therefore entitled to an order striking any part of the prayer for relief when the damages sought are not recoverable as a matter of law under the pertinent claim for relief. *Estate of Turner*, 2007 WL 2238219 at *3 (S.D. Cal. Aug. 1, 2007) (citing *Tapley v. Lockwood Green Eng., Inc.*, 502 F.2d 559, 560 (8th Cir. 1974)); *Arcilla v. Adidas Prom. Retail Operations, Inc.*, 488 F. Supp. 2d 965, 968 (C.D. Cal. 2007); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996);

*see also Torrance Redevelopment Agency v. Solvent Coating Co.*, 763 F. Supp. 1060, 1068 (C.D. Cal. 1991).

A plaintiff is bound by the contents of documents attached to its complaint and incorporated by reference. *See Parks Sch. of Bus. Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Walker v. Carnival Cruise Lines*, 63 F. Supp. 2d 1083, 1091 (N.D. Cal. 1999).

Under this standard, the Court should strike all references to attorneys' fees in the Complaint, including the requests for attorneys' fees in plaintiff's prayer for relief, because, as a matter of law, plaintiff cannot recover attorneys' fees pursuant to any of his alleged claims. *See Estate of Turner*, 2007 WL 2238219 at *3; *Bureerong*, 922 F. Supp. at 1479 n. 34; *Torrance Redevelopment Agency*, 763 F. Supp. at 1068. Therefore, any and all references to attorneys' fees in the Complaint are impertinent and immaterial, and should be stricken by the Court pursuant to Fed. R. Civ. P. 12(f).

**B.    Because There Is No Contract or Statutory Authorization for the Recovery of Attorneys' Fees, Attorneys' Fees Are Not Recoverable as a Matter of Law**

The Option Agreement has an Oregon choice-of-law provision. (Complaint, Ex. 1 at 6.) The Letter Agreement has none. Oregon law likely governs the Letter Agreement as well, but the result will be the same under both Oregon and California law. Both states adhere to the "American rule," requiring each party to a lawsuit to bear its own attorneys' fees unless otherwise provided by law. *L.H. Morris Elec., Inc. v. Hyundai Semiconductor America, Inc.*, 203 Or. App. 54, 93, 125 P.3d 1 (2005); *Trope v. Katz*, 11 Cal. 4th 274, 278, 902 P.2d 259, 45 Cal.Rptr.2d 241 (1995) (citing *Gray v. Don Miller & Assoc., Inc.,* 35 Cal. 3d 498, 504, 674 P.2d 253, 198 Cal. Rptr. 551 (1984)). Indeed, the "American rule" is codified in California Code of Civil Procedure section 1021, which provides in pertinent part:

> Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties. . . .

Cal. Civ. Proc. Code § 1021 (emphasis added); *Jen-Mar Const. Co. v. Brown*, 247 Cal. App. 2d 564, 573, 55 Cal. Rptr. 832 (1967) ("Attorneys' fees are not generally held to be the loser's obligation unless created by contract or expressly provided by statute.").

1   Plaintiff attached to and incorporated into the Complaint the Letter Agreement and Option
2   Agreement and is bound by these documents, which do not have attorneys' fees clauses. *Parks*,
3   51 F.3d at 1484; *Walker*, 63 F. Supp. at 1091. Given that plaintiff alleges no breach of the
4   Confidentiality Agreement, the attorneys' fees clause in that agreement is simply beside the point.
5   Because there is no contractual attorneys' fees clause in any of the agreements plaintiff alleges
6   Strands to have breached, plaintiff's prayer for attorneys' fees should be stricken.

**IV.    CONCLUSION**

Strands' motion should be granted.

DATED: March 14, 2008.

STOEL RIVES LLP

By: /s/ Scott J. Kaplan
    SCOTT J. KAPLAN
    Attorneys for Defendants
    Strands, Inc. and Mystrands, Inc. (formerly
    known as Musicstrands, Inc.)

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

-5-

DEFENDANTS' MOTION TO STRIKE PRAYER
FOR ATTORNEYS' FEES IN AMENDED
COMPLAINT

Portlnd3-1620583.2 0061692-00025

1  SCOTT J. KAPLAN (SB #143478)
   ERIK P. KHOOBYARIAN (SB #226749)
2  epkhoobyarian@stoel.com
   STOEL RIVES LLP
3  980 Ninth Street, 19th Floor
   Sacramento, CA  95814
4  Telephone:  (916) 447-0700
   Facsimile:  (916) 447-4781
5
   Attorneys for Defendants
6  Strands, Inc. and Mystrands, Inc. (formerly known
   as Musicstrands, Inc.)
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11 | ANDREAS WEIGEND,                         | Case No. C 08-00726 PJH
12 |         Plaintiff,                       | **[PROPOSED] ORDER GRANTING MOTION TO STRIKE PRAYER FOR ATTORNEYS' FEES IN AMENDED COMPLAINT**
13 |   v.                                     |
14 | MUSICSTRANDS, INC., STRANDS, INC.,       | [Fed. R. Civ. P. 12(f)]
   | MYSTRANDS, INC., and DOES 1-50,          |
15 |                                          |
   |         Defendants.                      | Date:   April 30, 2008
16 |                                          | Time:   9:00 a.m.
   |                                          | Dept.:  3 (17th Floor)

19     Defendants' motion to strike plaintiff's prayer for attorneys' fees having come before this

20 Court, and this Court considering the arguments of the parties as presented by counsel in writing

21 and before the Court, the Court hereby strikes, pursuant to Federal Rule of Civil Procedure 12(f),

22 all references to attorneys' fees in plaintiff's amended complaint.  Defendants are ordered to file

23 their responsive pleadings to the Amended Complaint within twenty (20) days of service of this

24 Order.

25 IT IS SO ORDERED.

26 DATED:_____

27                                  _____
                                    UNITED STATES DISTRICT JUDGE
28

                                         ORDER GRANTING MOTION TO STRIKE
                          -1-            PRAYER FOR ATTORNEYS' FEES IN
                                         AMENDED COMPLAINT

Portlnd3-1620980.1 0061692-00025