David Wong (SBN 234788)
2930 Domingo Ave #149
Berkeley CA 94705
Attorney for Plaintiff Andreas Weigend
Telephone: (510) 684 2759

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andreas Weigend, | Case No.: 3:08-cv-00726 PJH |
| Plaintiff, | MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE |
| vs. | Date: April 30, 2008<br>Time: 9 am<br>Dept: 3 (17th floor) |
| Musicstrands, Inc., Strands, Inc., | |
| Mystrands, Inc., and DOES 1-50, | |
| Defendants | |

    Assuming for sake of argument there is not an applicable statute to leave the attorney fees clause in the complaint, Plaintiff requests an equitable exception to the rules they cite because defendants acted in bad faith.

    Defendants are asking the Court to view the agreement that Plaintiff signed as a series of separate contracts, so that the attorney fees clause will not apply to the services that Dr. Weigend rendered, even though everything was signed together and at the same time.

    The problem with giving defendants what they want is that it creates bad law. Ruling in their favor means the unsuspecting contractor or employee will sign a bunch of agreements, with an attorney fee clause in a confidentiality agreement but no attorney fee clause for the confidential services rendered. Since services from the contractor or employee are usually rendered prior to payment, it's unlikely that an employer would need an attorney fee clause

because employers pay after services have been rendered. The defendants claim the attorney fee clause in the confidentiality agreement can't be used against them because they decide what is confidential. If so, they tricked Dr. Weigend into believing that he had recourse into being paid. As long as the confidentiality agreement relates to the services that were provided, the attorney fees clause should apply to allow both parties to achieve justice.

If this Court rules the way defendants are requesting, attorneys won't take up cases like these because the amount in dispute will be too small for an attorney to bother with. Without attorney fees, employers will be able to cheat contractors and employees out of what they are owed because the amount in dispute won't be enough for lawyers to take the case.

The legal system is a complicated one, and without the help of lawyers, most people would not be able to pursue a case against their employer for being cheated out of money. With the rise of more and more "independent contractor" relationships, more and more people will be vulnerable to being taken advantage of in exactly the same manner plaintiff was, but will not be able to obtain relief.

Plaintiff requests that the Court view these agreements as covering the services to be provided and not as separate agreements so that defendants will not be allowed to weasel out of their agreement. Part of the expectation of entering into the confidentiality agreement was that plaintiff would be paid. If Plaintiff doesn't prevail, defendants won't have to pay attorney fees, so the issue of attorney fees being in the complaint will be moot. But if the Court discovers defendants really cheated Dr. Weigend out of money, defendants should be on the hook for attorney fees for wasting the Court's time and my time for not doing what they should have done in the first place: pay Plaintiff for what Plaintiff was owed.

Accordingly, Strands' motion should be denied.

By: /s/ David Wong
Attorney for Plaintiff
Andreas Weigend