SCOTT J. KAPLAN (SB #143478)
sjkaplan@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Plaintiff
Strands, Inc. and Mystrands, Inc. (formerly known as Musicstrands, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREAS WEIGEND,<br><br>            Plaintiff,<br><br>    v.<br><br>MUSICSTRANDS, INC., STRANDS, INC., MYSTRANDS, INC., and DOES 1-50,<br><br>            Defendants. | Case No. C 08-00726 PJH<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PRAYER FOR ATTORNEYS' FEES IN AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(f)]<br><br>Date:   April 30, 2008<br>Time:  9 a.m.<br>Dept.:  3 (17th Floor) |

For their reply in support of their motion to strike plaintiffs' prayer for attorneys' fees, defendants respectfully state the following.

**ARGUMENT**

Plaintiff admits he has no statutory right to attorneys' fees and that the Option Agreement under which he has asserted his claims in this action has no attorneys' fees clause. Nor does plaintiff dispute that under the American Rule, absent such a statute or contractual attorneys' fees clause, each party must bear its own attorneys' fees. *See, e.g.*, Cal. Civ. Proc. Code § 1021; *L.H. Morris Elec., Inc. v. Hyundai Semiconductor America, Inc.*, 203 Or. App. 54, 93, 125 P.3d 1 (2005); *Jen-Mar Const. Co. v. Brown*, 247 Cal. App. 2d 564, 573, 55 Cal. Rptr. 832 (1967).

Plaintiff instead asks the Court to manufacture new law, to create an "equitable exception to the rules [defendants] cite because defendants acted in bad faith." (Opposition at 1.) Setting

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PRAYER FOR ATTORNEYS' FEES IN AMENDED COMPLAINT

-1-

C 08-00726 PJH

Portlnd3-1625596.1 0061692-00025

aside the problem that plaintiff has not asserted a bad-faith claim, he cites no authority for such an "equitable exception," nor is there any in the context of a contractual dispute between a technology company and its consultant "Chief Strategist."[1]  Instead, plaintiff reasons that absent such a judicially created fee-shifting doctrine, "attorneys won't take up cases like these because the amount in dispute is too small for an attorney to bother with."  (Opposition at 2.)  Defendants respectfully suggest that this policy decision is one for the (Oregon or California) Legislature, rather than for the Court.  Defendants would also point out that there are sound policy grounds underlying the American Rules, including the need to discourage attorneys from bringing what defendants view as nuisance claims.

## CONCLUSION

Strands' motion is in reality unopposed both on the facts and the law and should be granted.

DATED:  April 16, 2008.

STOEL RIVES LLP

By: /s/ Scott J. Kaplan
SCOTT J. KAPLAN
Attorneys for Defendants
Strands, Inc. and Mystrands, Inc. (formerly known as Musicstrands, Inc.)

---

[1] To defendants' knowledge, the only judge-made law shifting fees on the grounds of alleged bad-faith breach of contract is in the insurance context. *E.g.*, *Brandt v. Superior Court*, 37 Cal. 3d 813, 693 P.2d 796, 210 Cal. Rptr. 211 (1985).

STOEL RIVES LLP
ATTORNEYS AT LAW
PORTLAND

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PRAYER FOR ATTORNEYS' FEES IN AMENDED COMPLAINT

Portlnd3-1625596.1 0061692-00025

-2-

C 08-00726 PJH