United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREAS WEIGEND,

    Plaintiff(s),

    v.

MUSICSTRANDS, INC., et al.,

    Defendant(s).

_____/

No. C 08-0726 PJH

**ORDER GRANTING MOTION TO STRIKE**

Before the court is the motion of defendants Strands, Inc. and Mystrands, Inc., (formerly known as Musicstrands, Inc.) (collectively "defendants"), to strike the request for attorneys' fees from plaintiff's amended complaint. The matter has been fully briefed and the court finds that a hearing is unnecessary. Having reviewed the papers and carefully considered the arguments and pertinent legal authority, the court GRANTS the motion for the reasons that follow.

**BACKGROUND**

This is a breach of contract action. Plaintiff Andreas Weigend ("plaintiff") is an independent consultant and advisor to internet startups and multinational corporations. See Amended Complaint at 1. He was previously the chief scientist at Amazon.com. See id. In December 2004, defendant Musicstrands, Inc., through its CEO, contracted to secure plaintiff's services on behalf of defendant. Id. at 2. Plaintiff alleges that defendant promised plaintiff "thousands of stock options and cash" in exchange for plaintiff's strategic advice. Specifically, plaintiff alleges that defendant agreed to pay plaintiff a total of 25,000

non-statutory stock options at a purchase price of $0.50 USD per share, plus $2500.00 for each full-day meeting.  See Amended Complaint, ¶ 9.  The parties executed an agreement to that effect.  See id. at Ex. A.

Plaintiff contends, however, that despite having duly performed his contractual obligations, defendant breached the contract by failing to pay plaintiff the sum of $117,500.  See id. at ¶ 11.  As a result, plaintiff instituted the present action against defendant, and asserts four causes of action: (1) breach of contract; (2) breach of implied contract; (3) common count for services performed; and (4) unjust enrichment/quantum meruit.  Id. at ¶¶ 7-33.  Plaintiff seeks actual damages, interest, and reasonable attorneys' fees, among other things.  See Amended Complaint, at 6.

## DISCUSSION

The general rule in federal court is that a prevailing party is not entitled to attorneys' fees "absent statutory authorization, an enforceable contractual provision, or an equitable exception to the rule" against fees.  See, e.g., F.D. Rich Co. v. Indus. Lumber Co., 417 U.S. 116, 126 (1974); Golden Pisces, Inc. v. Fred Wahl Marine Const., Inc., 495 F.3d 1078, 1079 (9th Cir. 2007).  Accordingly, in order for plaintiff's request for attorneys' fees to be viable, plaintiff must point to an applicable statute, an enforceable contract, or be able to demonstrate that an equitable exception warrants an award of fees.  Plaintiff does not claim that attorneys' fees are authorized by statute.  Instead he asserts that the underlying contractual agreement between the parties provides him the right to seek attorneys' fees from defendants.

In the amended complaint, plaintiff alleges that the parties "entered into a contract for [plaintiff] to give valuable business insights and strategic advice to [defendant's] fledgling enterprise."  See Amended Complaint at 2.  Plaintiff continues that, "as part of this contract the defendant agreed to pay plaintiff a total of 25,000 non-statutory stock options at a purchase price of $.50 USD per share (5,000 options per meeting), plus $2500 for each full-day meeting."  See id. at ¶ 9.  Plaintiff also notes that "[a] true and correct copy of

this contract is attached to this complaint and incorporated by reference in it as Exhibit 1." Id. at ¶ 8. Turning to Exhibit 1, included therein are actually three agreements: (1) a MediaStrands, Inc. Non-Statutory Stock Option Agreement, including Exhibit A thereto; (2) a December 23, 2004 letter agreement; and (3) and the Advisor Confidentiality Agreement. As defendant notes, only the last of these 3 items – the Confidentiality Agreement – includes an attorneys' fees provision. See Amended Complaint, Ex. 1, Confidentiality Agreement at ¶ 7. Specifically, the attorneys' fees provision provides: "If any action or suit is instituted to enforce Advisor's obligations hereunder, the prevailing party shall be entitled to recover from the other party .... all reasonable expenses and attorneys' fees at trial...". See id.

In his opposition, plaintiff urges the court to read the three agreements as though they are one and he argues that to do otherwise would provide defendant, the employer, with an unfair advantage. However, even a reading of the contract in a light most favorable to plaintiff, would not lead court to the conclusion urged by plaintiff for several reasons.

First, the terms of the Confidentiality Agreement itself render the provision inapplicable to this case. The fee provision expressly provides for attorneys' fees only in "any action or suit [] *instituted to enforce Advisor's obligations*" under the Confidentiality Agreement. See Amended Complaint, Ex. 1, Confidentiality Agreement at ¶ 7 (emphasis added). The Confidentiality Agreement further defines plaintiff as the "Advisor," and defendant as the "Company" for purposes of the agreement. See id. generally. The present action, however, is not an action that has been instituted to enforce plaintiff's obligations – it is an action *by* plaintiff (i.e., the Advisor), to enforce *defendant*'s contractual obligations. As such, the fee provision does not, on its face, appear to apply. And even if the court were to construe the quoted language as applying to actions brought by plaintiff to enforce defendant's obligations under the contract, the only contract to which such clause explicitly applies is the Confidentiality Agreement and there is no language in that agreement that could be construed as extending its terms beyond its four corners.

3

Second, the court notes that the Non-Statutory Stock Option Agreement, Exhibit A contains an integration clause that states that it constitutes the **entire** agreement between the parties on matters addressed therein. The integration clause therefore prohibits the court from reading the Advisor Confidentiality Agreement into the Non-Statutory Stock Option Agreement. It would thus be contrary to the stated intention of the parties for the court to construe the three separate documents, which relate to different subjects, as one integrated document.

Finally, the court rejects plaintiff's argument that the court should apply an "equitable exception" to the general prohibition against attorneys' fees based on plaintiff's status as an independent contractor, and the inferior bargaining position in which plaintiff was placed. Plaintiff has cited no authority in support of this "exception," and the court is aware of none.

Accordingly, defendants' motion to strike the prayer for attorneys' fees in the amended complaint is GRANTED.

Plaintiff shall file a second amended complaint which omits this prayer within twenty (20) days of this order. Additionally, although plaintiff did not move for remand of this removed case, he shall clarify in the second amended complaint the citizenship of all parties, including himself, so that the court can be assured that there is complete diversity as claimed in the amended complaint. Leave is permitted for only the two amendments addressed above; no other amendments may be made. Defendants' answer shall be filed twenty (20) days thereafter.

The hearing scheduled for April 30, 2008, is VACATED.

**IT IS SO ORDERED.**

Dated: April 23, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

4