DAVID WONG (SB # 234788)
d@davidwonglaw.com
2930 Domingo Avenue, #149
Berkeley, CA 94705
Telephone: (510) 684-2759

Attorney for Plaintiff
Andreas Weigend

SCOTT J. KAPLAN (SB #143478)
sjkaplan@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendants
Strands, Inc. and Mystrands, Inc. (formerly known
as Musicstrands, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREAS WEIGEND,<br><br>    Plaintiff,<br><br>    v.<br><br>MUSICSTRANDS, INC., STRANDS, INC., MYSTRANDS, INC., MEDIASTRANDS, INC., and DOES 1-50,<br><br>    Defendants. | Case No. 3:08-cv-00726 PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court adopt it as its Case Management Order in this Case.

**DESCRIPTION OF THE CASE**

1. A brief description of the events underlying the action:

Plaintiff Andreas Weigend contends that he entered into a contract to provide consulting services and serve as Musicstrands' Chief Strategist in exchange for stock options and monetary compensation from defendants. The consulting services agreement provided for stock options to

1  vest over a period of time.  The amount in controversy is $117,500.  The parties are diverse.

2  Plaintiff is a foreign national residing in California.  Defendants are citizens of Oregon as defined

3  by 28 U.S.C. § 1332(c)(1)

4      2.    The principal factual issues which the parties dispute:

5          a.    Plaintiff contends the factual issues are:

6              i.    Whether plaintiff was terminated

7              ii.    Whether Andreas Weigend's last $7,500 invoice has been paid.

8              iii.    Whether Andreas Weigend incurred the cost of a plane ticket to

9  Barcelona and other miscellaneous expenses at defendants' request.

10             iv.    The number of stock options owed to plaintiff.

11

12         b.    Defendants' contend the factual issues are:

13             i.    When and if plaintiff was terminated;

14             ii.    Whether plaintiff received sufficient notice his services were no

15 longer desired, if required;

16             iii.    The number stock options accrued by plaintiff before termination

17 and when such stock options expired;

18             iv.    Whether the cost of the items for which plaintiff seeks

19 reimbursement was incurred at defendants' request and for their benefit.

20     2.    The principal legal issues which the parties dispute:

21         a.    Plaintiff contends the issues are:

22             i.    If plaintiff does not receive written notice of termination, does the

23 90-day window for him to exercise his stock options begin?  If so, when?

24             ii.    How is plaintiff supposed to know when the 90-day window starts

25 if he is not clearly terminated?

26             iii.    If defendants kept the door open for further consulting in the future,

27 should they be obligated to honor the terms of the contract?

28

-2-  JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1           iv.   Whether defendants are obligated under the contract to reimburse
2    plaintiff for expenses incurred for their benefit and at their request.
3        b.   Defendants contend the issues are:
4           i.   Was written notice of termination required? or was it sufficient that
5    defendants no longer called on plaintiff for his services for a lengthy period of
6    time?
7           ii.  Whether the 90-day period for plaintiff to exercise his stock options
8    expired after defendants no longer requested plaintiff's services for many months
9    in excess of the 90-day period.
10          iii. How would plaintiff's hypothetical exercise of his stock options
11   have been valued and what would have been the valuation date?
12          iv.  Are defendants required to reimburse plaintiff for expenses incurred
13   in preparing to perform services for defendants that defendants did not ask him to
14   perform?
15   3.   The other factual issues [*e.g.*, service of process, personal jurisdiction, subject
16   matter jurisdiction or venue] which remain unresolved for the reason state below and how the
17   parties propose to resolve those issues:  None.

## ALTERNATIVE DISPUTE RESOLUTION

19   4.   The parties filed a Notice of Need for ADR Phone Conference, and the conference
20   was scheduled for **[not yet scheduled]**.

## DISCLOSURES

22   5.   Defendants request an extension until June 2, 2008.  Plaintiff agrees to postpone
23   initial disclosures until June 2, 2008 if the discovery cutoff date is June 2, 2009.
24   / / / / /
25   / / / / /
26   / / / / /

## DISCOVERY

28

-3-                    JOINT CASE MANAGEMENT STATEMENT
                        AND PROPOSED ORDER

6. The parties request a discovery cutoff of June 2, 2009. Both parties agree to exchange electronic documents in .pdf-searchable electronic format.

DATED: May 1, 2008.

    /s/ David Wong
DAVID WONG
Attorneys for Plaintiff
Andreas Weigend

DATED: May 1, 2008.

STOEL RIVES LLP

By: /s/ Scott J. Kaplan
SCOTT J. KAPLAN
Attorneys for Defendants
Strands, Inc. and Mystrands, Inc. (formerly known as Musicstrands, Inc.)

**Filer's Attestation:** Pursuant to General Order No 45, section X(b), regarding signatures, David Wong attests that concurrence in the filing of this document has been obtained.

    /s/ David Wong
DAVID WONG
Attorney for Plaintiff
Andreas Weigend

## ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order. In addition, the Court orders: _____

_____.

DATED: _____, 2008.

HONORABLE PHYLLIS J. HAMILTON
U.S. District Court Judge