DAVID WONG (SB # 234788)
d@davidwonglaw.com
2930 Domingo Avenue, #149
Berkeley, CA 94705
Telephone: (510) 684-2759

Attorney for Plaintiff
Andreas Weigend

SCOTT J. KAPLAN (SB #143478)
sjkaplan@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendants
Strands, Inc. MediaStrands, Inc., and Mystrands,
Inc. (formerly known as Musicstrands, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREAS WEIGEND, | Case No. C 08-00726 PJH |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| v. | |
| MUSICSTRANDS, INC., STRANDS, INC., MYSTRANDS, INC., MEDIASTRANDS, INC., and DOES 1-50, | |
| Defendants. | |

Pursuant to the Court's Civil Local Rules ("Civ. L.R.") 16-7 and 16-8, the parties jointly submit this Case Management Conference Statement and Proposed Order.

The parties make the following representations and recommendations:

**1.     Jurisdiction and Service**

Jurisdiction exists under 28 U.S.C. § 1332(c)(1) because plaintiff is a foreign national residing in California and defendants are corporations with their principal places and business in Oregon incorporated in states other than California. The amount in controversy is $117,500.

-1-       JOINT CASE MANAGEMENT STATEMENT
                AND PROPOSED ORDER

1  Venue is proper in the Northern District of California because a substantial part of the events or
2  omissions giving rise to the claim occurred in the District. All parties have been served and have
3  appeared.

4  **2.    Facts**

5  Plaintiff Andreas Weigend contends that he entered into a contract to provide consulting
6  services and serve as Musicstrands' Chief Strategist in exchange for stock options and monetary
7  compensation from defendants. The consulting services agreement provided for stock options to
8  vest over a period of time. The principal factual issues which the parties dispute are framed
9  differently by the parties. They are as follows:

10         a.    Plaintiff contends the factual issues are:
11         i.    The parties dispute whether defendants gave written notice of termination to
12  Plaintiff Andreas Weigend
13         ii.   The parties dispute the number of shares plaintiff was entitled to sell at the time
14  defendant was bought by D'Albergia (defendants dispute whether D'Albergia acquired
15  defendants);
16         iii.  The parties dispute whether Andreas Weigend's $7,500 invoice has been paid.
17         iv.   The parties dispute whether defendants asked Andreas Weigend to render services
18  and incur expenses for defendants' benefit.
19         b.    Defendants' contend the factual issues are:
20         i.    When and if plaintiff was terminated;
21         ii.   Whether plaintiff received sufficient notice his services were no longer desired, if
22  required;
23         iii.  The number stock options accrued by plaintiff before termination and when such
24  stock options expired;
25         iv.   Whether the cost of the items for which plaintiff seeks reimbursement was
26  incurred at defendants' request and for their benefit.
27
28  **3.    Legal Issues**

1  The principal legal issues which the parties dispute are framed differently by the parties.
2  They are:
3      a.    Plaintiff contends the issues are:
4          i.    whether defendant breached its contract with plaintiff.
5          ii.    if defendant did not breach its contract, whether it breached an implied in fact
6  contract with plaintiff when it requested plaintiff to perform services for defendant's benefit.
7          iii.    whether defendant has been unjustly enriched by having plaintiff render services
8  and not pay plaintiff
9          iv.    Whether defendants are obligated under the contract to reimburse plaintiff for
10 expenses incurred for their benefit and at their request.
11         v.    Whether defendants gave written notice to terminate Weigend
12         vi.    whether sending Weigend notice of the defendants' buyout constitutes an
13 admission that Weigend was a potential stockholder
14     b.    Defendants contend the issues are:
15         i.    Was written notice of termination required? or was it sufficient that defendants no
16 longer called on plaintiff for his services for a lengthy period of time?
17         ii.    Whether the 90-day period for plaintiff to exercise his stock options expired after
18 defendants no longer requested plaintiff's services for many months in excess of the 90-day
19 period.
20         iii.    How would plaintiff's hypothetical exercise of his stock options have been valued
21 and what would have been the valuation date?
22         iv.    Are defendants required to reimburse plaintiff for expenses incurred in preparing
23 to perform services for defendants that defendants did not ask him to perform?
24 **4.    Motions**
25 Plaintiff filed an amended complaint on April 30, 2008. Defendants have not had time to
26 evaluate motions against the amended complaint. Defendants anticipate filing a Motion for
27 Summary Judgment.
28 **5.    Amendment of Pleadings**

1   Plaintiff anticipates amendment of pleadings if discovery provides support for other
2 causes of action.

3 **6.     Evidence Preservation**

4   No issue contemplated, as the scope of relevant documents is narrow, and all relevant
5 documents (electronic and hard copy) and documents that could lead to other litigation between
6 the parties will be exchanged between the parties.  Counsel for both parties have made requests to
7 their respective clients to preserve any and all documents relating to each other.

8 **7.     Disclosures**

9   The parties agree that initial disclosures are due on June 1, 2008 on the assumption that
10 the discovery cutoff is June 1, 2009.

11 **8.     Discovery**

12   The parties contemplate the following:  plaintiff proposes 12 or fewer individual
13 depositions each (10 or more depositions can be taken with leave of court under Fed. R. Civ P.
14 30, and believes 12 or fewer may be necessary because initial disclosures have not been made and
15 plaintiff does not know how many hostile witnesses they are, defendants maintain Fed. R. Civ. P.
16 30 permits no more than 10 depositions per party and that in such a simple case no more than five
17 per party is necessary;   Plaintiff requests the ability to serve up to 70 Interrogatories (for the
18 same reason given for depositions); defendants maintain that Fed. R. Civ. P. 33 permits only 25
19 Interrogatories per party; the parties agree that each may have 35 Requests for Production of
20 Documents; Plaintiff requests the ability to serve up to 45 of Request for Admissions, defendants
21 maintain that  up to 25 Requests for Admissions are more than sufficient for a case this simple.

22 **9.     Class Action**

23   N/A

24 **10.    Related Cases**

25   N/A

26 **11.    Relief**

27    Plaintiff seeks damages in the amount of approximately $117,000.

28 **12.    Settlement and ADR**

1  The parties have a call with the ADR Coordinator set for May 7, 2008 at 11:30 AM.  They
2  have been unable to agree on an ADR method because defendants believe ADR is premature
3  prior to conducting discovery.

4  **13.  Consent to Magistrate Judge for All Purposes**

5  Plaintiff consents, but defendants do not.

6  **14.  Other References**

7  None.

8  **15.  Narrowing of Issues**

9  Issues are simple, and have been narrowed.

10 **16.  Expedited Schedule**

11 N/A

12 **17.  Scheduling**

13 The parties agree to the following:

14 Completion of fact and expert discovery:  June 1, 2009

15 Expert reports due:  June 30, 2009

16 Rebuttal expert reports due:  July 31, 2009

17 Completion of expert discovery:  August 31, 2009

18 Last day to file dispositive motions:  September 30, 2009

19 Pretrial Conference:  December 1, 2009

20 Trial:  January 5, 2010

21 **18.  Trial**

22 Three day estimate; jury requested

23 **19.  Disclosure of Non-party Interested Entities or Persons**

24 Pursuant to Local Rule 3-16, the parties. certify that the following listed persons,
25 associations of persons, firms, partnerships, corporations (including parent corporations) or other
26 entities (i) have a financial interest in the subject matter in controversy or in a party to the
27 proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be
28

-5-   JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER

Portlnd3-1627393.1 0061692-00025

substantially affected by the outcome of this proceeding. There are no interested parties other than plaintiff and defendants.

**20.    Such Other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter.**

N/A.

DATED: May ___, 2008.

    /s/ David Wong
DAVID WONG
Attorneys for Plaintiff
Andreas Weigend

DATED: May ___, 2008.

STOEL RIVES LLP

By: /s/ Scott J. Kaplan
SCOTT J. KAPLAN
Attorneys for Defendants
Strands, Inc. and Mystrands, Inc. (formerly known as Musicstrands, Inc.)

**Filer's Attestation:** Pursuant to General Order No 45, section X(b), regarding signatures, David Wong attests that concurrence in the filing of this document has been obtained.

    /s/ David Wong
DAVID WONG
Attorneys for Plaintiff
Andreas Weigend

**ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order. In addition, the Court orders:_____

_____.

1 | DATED: _____, 2008.

> _____
> HONORABLE PHYLLIS J. HAMILTON
> U.S. District Court Judge