UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREAS WEIGEND,

       Plaintiff,                                  No. C 08-0726 PJH

    v.                                      **ORDER DENYING MOTION**
                                          **FOR SUMMARY JUDGMENT**

MUSICSTRANDS, INC., et al.,

       Defendants.
_____/

       Defendants' motion for summary judgment came on for hearing on August 12, 2009 before this court. Plaintiff Andreas Weigend ("plaintiff") appeared through his counsel, David Wong. Defendants Musicstrands, Inc., Strands, Inc., and Mystrands, Inc. (collectively "Strands," or "defendants") appeared through their counsel, Scott Kaplan. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby DENIES the motion for summary judgment, for the reasons stated at the hearing, and summarized as follows.

       1.      Neither party disputes that the parties' relationship here is governed and/or impacted by the parties' understandings as memorialized in (a) the December 23, 2004 offer letter signed by plaintiff on January 15, 2005; (b) the stock option agreement given to plaintiff sometime in August 2005; and (c) the two page letter erroneously dated May 21, 2007, setting forth certain compensation terms for the period extending from January 2005 to July 2005. The question on summary judgment is whether, within the framework of these contracts, there is any material dispute of fact as to whether defendants improperly denied plaintiff's attempt to exercise stock option benefits as provided pursuant to the parties' understanding, and improperly denied plaintiff cash compensation in the amount of

1  $7500 for meetings attended by plaintiff, in further violation of the parties' understanding.

2      2.      The court concludes that there is.  While the parties do not dispute the existence of the above written contracts, they do appear to dispute the following: whether and when plaintiff's services under the contract were terminated; the duration of the parties' agreements as set forth in the above contracts; and whether any agreement set forth in the contracts gave rise to an implied contract post-termination.  Defendants, for example, introduce evidence that plaintiff was terminated in January 2006, while plaintiff points to evidence that at different times (in his papers and at the hearing on the motion) suggests he was terminated in January 2006, May 2006, or not at all since he continued to perform services for defendants.  See Kaplan Decl., Ex. 1 at 44, 48, 54; cf. Opposition Ex. C.  Depending on the termination date, the evidence also suggests that plaintiff may have attempted to exercise his stock options within 90 days of the termination date by way of a July 13, 2006 email, and additionally, that defendants subsequently offered plaintiff the opportunity to vest his shares as late as May 7, 2007.  See Opposition Exs. E, G.  The parties also dispute whether there is any outstanding cash compensation currently owing to plaintiff under the terms of the parties' agreement(s) for past meetings attended by plaintiff on defendants' behalf.  See Opposition Exs. D, E; cf. Declaration of Dr. Francisco Martin ISO MSJ, ¶ 2.

Discerning these disputes is no easy task, as the court is flummoxed as to a large part of the parties' arguments.  While defendants' opening brief is clearly stated and well organized, plaintiff's opposition brief muddies the waters considerably with a rambling argument that lacks cohesion or clarity.  This appears to have prompted defendants in their reply to adopt the same disjointed approach to the issues in dispute, with the result that the court lacks a clear understanding as to which precise contracts are being invoked with respect to specified distinct conduct undertaken by the parties.  Nonetheless, the court concludes that the above disputes raise triable issues of material fact as to the nature of the governing understanding between the parties, whether plaintiff attempted to exercise

his stock options within the allowable time frame contemplated by the parties' understanding, and whether plaintiff has been paid all amounts of cash compensation earned by him pursuant to the parties' understanding. Thus, summary judgment must be denied.

3. To the extent plaintiff asserts quasi-contractual claims alongside the contractual claims, these claims shall go forward in the alternative. In appropriate situations, where there is no valid legally enforceable contract, the law will imply a quasi-contract in order to prevent unjust enrichment. While both a valid contract and an implied contract covering the same services cannot ultimately support identical recovery, the claims may nonetheless be tried in the alternative.

4. To the extent plaintiff attempts to assert a claim for breach of the implied covenant of good faith and fair dealing in his opposition, the court DISMISSES such claim as it is not pled in the complaint, rather a claim for breach of implied contract is. It appears to the court that plaintiff has confused the two concepts.

5. Finally, to the extent the parties raise choice of law arguments, this issue has not been adequately briefed. Accordingly, and in order to determine which law applies in advance of trial, the parties are instructed to brief this legal issue in conjunction with the filing of in limine motions and other pretrial papers.

For all the foregoing reasons, defendants' motion for summary judgment is DENIED.

**IT IS SO ORDERED.**

Dated: August 18, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

3