UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREAS WEIGEND,

    Plaintiff(s),                              No. C 08-0726 PJH

    v.                                        **FINAL PRETRIAL ORDER**

MUSICSTRANDS, INC., et al.,

    Defendant(s).
_____/

       Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order. The joint pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions and objections.

I.     MOTIONS IN LIMINE

       Plaintiff's motion to exclude the letter of plaintiff's former attorney, Gregory Rutchik, as an exhibit at trial is DENIED, as the letter is a party admission and has already been entered into the record in conjunction with the motion for summary judgment.

       Defendant's motion to exclude its corporate status and assets, is GRANTED in part and DENIED in part. The jointly prepared jury instruction on business entities as parties is sufficient with respect to defendant's first concern about corporate status, however, the wealth of defendant is irrelevant to any issue to be tried and moreover there is no expert designated through which to proffer this evidence.

       Defendant's motion to exclude parol evidence is GRANTED in part and DENIED in part. No documents will be admitted that vary or explain the contents of the 4 documents that the court has determined comprise the agreement of the parties. However, each party will be permitted to explain their own interpretation of the documents.

       Defendant's motion to preclude plaintiff from seeking damages for the plane ticket for which he was not reimbursed is DENIED, as that information was disclosed during the course of discovery.

II.     MOTION TO STRIKE UNTIMELY PRETRIAL FILINGS

Defendant's motion to strike plaintiff's untimely pretrial papers is DENIED, however, plaintiff's counsel who was unable to articulate a single good reason for missing the deadlines is hereby SANCTIONED in the amount of $100.00, payable to the Clerk of Court no later than January 4, 2010.

III.    EXHIBITS

Plaintiff shall revise and resubmit his exhibit numbers 8-9.  Each must be individually numbered and presented in a format usable by the witnesses.  The parties shall meet and confer before trial to attempt to stipulate as to authenticity and admissibility of exhibits so as to avoid using their allotted time arguing about exhibits.

IV.     VOIR DIRE

The court will incorporate the jointly proposed voir dire into the court's prepared remarks.  Each side will be permitted 20 minutes for follow up questioning of the panel before challenges are exercised.

V.      JURY INSTRUCTIONS

The court approves the jointly prepared instructions, which will all be given.  None of plaintiff's proposed instructions will be given as they are all based on California law, and several are argumentative or incoherent.  Defendant's instruction's 1-4 are withdrawn; the court rejects 5-7 as argumentative; and approves 8-13.  The parties shall meet and confer before trial to prepare a joint instruction on implied in fact contract to be given should the evidence at trial support it.  The instructions shall be submitted to the court on the first day of trial.

VI.     VERDICT FORMS

The parties shall meet and confer before trial to jointly prepare a special verdict form which shall be submitted to the court on the first day of trial.

VII.    TRIAL SCHEDULE AND TIME LIMITS

Trial will commence on January 11, 2010 and the trial day will run between 8:30 a.m. and 1:30 p.m. with two 15-minute breaks.  The parties are each allotted 6.5 hours

for direct and cross examination of all witnesses which shall conclude by Friday at 1:30 p.m.

VIII. MISCELLANEOUS

The court vacates its prior order granting defendant's motion to strike the prayer for attorneys fees, finding that if the stock purchase agreement and plan upon which it is based, are incorporated by reference into the contract, so is the confidentiality agreement. The court also determines that the scope of the agreement is comprised of the four documents identified at the conference: the offer letter, stock option agreement and plan, May 21, 2007 letter, and the confidentiality agreement, all of which will be given to the jury as representing the contractual agreement of the parties.  The court further determines that Oregon not California law applies to this dispute in view of the forum selection clause in the confidentiality agreement and based on a choice of law analysis.

IT IS SO ORDERED.

Dated: December 18, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge